1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

10  DAVID COOPER, et al.,

11        Plaintiffs,                          Case No. 2:10-CV-0763-KJD-PAL

12  v.                                         **ORDER**

13  CLARK COUNTY NEVADA, et al.,

14        Defendants.

15

16        Currently before the Court is Defendants' Motion to Dismiss (#22).  Plaintiffs filed an

17  Opposition (#29), to which Defendants filed a Reply (#33).

18  **I. Background**

19        Plaintiffs filed their First Amended Complaint (#8) on September 16, 2010.  Plaintiffs' claims

20  are brought pursuant to 42 U.S.C. § 1983 and in pertinent part, allege vagueness and overbreadth of

21  Clark County Code 30.08.030 and violations of due process and equal protection against Clark

22  County and its employees.  Defendants seek to dismiss Plaintiffs' complaint for failure to state a

23  claim and lack of subject matter jurisdiction.

24        In January 2008, Plaintiff David Cooper ("Cooper") purchased EFJ, LLC, a Nevada

25  corporation with business premises at 953 E. Sahara, Las Vegas, Nevada.  As Clark County does not

26  permit the transfer of business licenses from one person to another when more than 50% of the entity

changes ownership, Cooper applied for five business licenses for EFJ on or about February 13, 2008. The application requested business licenses for admission fees, gifts/novelties, book sales, video sales/rentals, and a restaurant.  On or about April 1, 2008, Cooper applied for tobacco and banquet business licenses under the business name Interactive Media Communications, LLC.  After purchasing the corporation, Cooper allegedly spent time and money renovating the space to enhance its visibility and use as a swinger's club.

In April 2008, Cooper provisionally opened the business under the name of "Sextacy", pending the approval of the business licenses.  On or about June 26, 2008, Cooper received notice that his business license applications were denied based on false and misleading statements pursuant to Clark County Code 6.04.090(g) and for failure to comply with restaurant license 6.12.874. Cooper appealed the denial of the business licenses in July 2008.  On September 9, 2008, the Clark County Board of Commissioners ("Board") voted to uphold the denial of Cooper's business license application.  In its holding, the Board stated that it was clear that Cooper was attempting to open a swinger's club, or sexually oriented business, and that Clark County does not permit such business, thereby making the licenses an impossibility.

## II. Legal Standard

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a Plaintiff's complaint for "failure to state a claim upon which relief can be granted."  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level."  Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

2

1    In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to

2  apply when considering motions to dismiss.  First, the Court must accept as true all well-pleaded

3  factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of

4  truth.  Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory

5  statements, do not suffice.  Id. at 1949.  Second, the Court must consider whether the factual

6  allegations in the complaint allege a plausible claim for relief.  Id. at 1950.  A claim is facially

7  plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable

8  inference that the defendant is liable for the alleged misconduct.  Iqbal, 129 S. Ct. at 1949.  Where

9  the complaint does not permit the court to infer more than the mere possibility of misconduct, the

10 complaint has "alleged—but not shown—that the pleader is entitled to relief."  Id. (internal quotation

11 marks omitted).  When the claims in a complaint have not crossed the line from conceivable to

12 plausible, plaintiff's complaint must be dismissed.  Twombly, 550 U.S. at 570.

13    A jurisdictional attack pursuant to Fed. R. Civ. P. 12(b)(1) can be made in one of two ways.

14 The motion can make a facial challenge, which asserts that the allegations contained in a complaint

15 are insufficient on their face to invoke federal jurisdiction, or it can make a factual attack, which

16 disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.

17 Safe Air for Everyone v. Meyer, 373 F.3d 1035 (9th Cir. 2004).  In the latter case, the judge may

18 consider outside evidence and resolve factual disputes.  Berardinelli v. Castle & Cooke, Inc., 587

19 F.2d 37, 39 (9th Cir.1978);  See also, Augustine v. United States, 704 F.2d 1074, 1077 (9th

20 Cir.1983) (holding that unlike a motion to dismiss for failure to state a claim, under Fed. R. Civ. P.

21 12(b)(6), a court can hear outside evidence regarding a motion to dismiss for lack of subject matter

22 jurisdiction).  Although the defendant is the moving party on a motion to dismiss, plaintiff bears the

23 burden of establishing subject matter jurisdiction.  Hexom v. Oregon Dept. of Transp., 117 F.3d

24 1134, 1135 (9th Cir. 1999).

25    Here, Plaintiffs have averred the existence of federal jurisdiction pursuant to 43 U.S.C. §§

26 1331 and 1343, since they bring their claims under 28 U.S.C. § 1983.

3

1  **III. Analysis**

2      **A. Due Process**

3      Plaintiffs' First Cause of Action is for alleged violations of due process.  The Fourteenth

4  Amendment to the Constitution prohibits a state from depriving "any person of life, liberty, or

5  property without due process of law."  U.S. Const., Amend. XIV.

6      **1. Liberty Interest**

7      The Supreme Court has long held that sexual activity inside businesses which are open to the

8  public is not protected by the right to privacy.  See Paris Adult Theater I v. Slaton, 413 U.S. 46, 65-

9  66 (1973).  The Supreme Court has "declined to equate the privacy of the home . . . with a 'zone' of

10 'privacy'" that follows a person "wherever he goes."  Id. at 66.   The Ninth Circuit has "decline[d] to

11 hold [that] the 'right' to unobserved masturbation in a public theater is 'fundamental' or 'implicit in

12 the concept of ordered liberty.'"  Ellwest Stereo Theaters, Inc. v. Wenner, 681 F.2d 1243, 1248 (9th

13 Cir. 1982).

14     Here, Plaintiffs First Amended Complaint is devoid of any claim that Sextacy is or was

15 intended to be a private organization and the Court will not supply this assertion for them.  See

16 Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459

17 U.S. 519, 526 (1983)(district court need not assume that plaintiff can prove facts different from those

18 alleged in the complaint).  Nothing in Plaintiffs' complaint remotely suggests that Sextacy would

19 have operated as a private club or that Sextacy was an extension of the home.  To the contrary, the

20 restaurant license for which Plaintiffs applied requires that Plaintiffs' business be public.  In pertinent

21 part, the Restaurant, Category 2 License for which Plaintiffs applied is defined in the Clark County

22 Business License Code as "any space in a suitable building kept, used, maintained, advertised or held

23 out to be a public place where hot, complete meals are prepared and cooked on the premises . . . ."

24 Clark County Code § 6.12.874 (emphasis added).  Plaintiffs also claim that the "Fantasy Social Club

25 and the Hushh Club . . . are also the same type of businesses as Sextacy" (Pls.' Compl. ¶ 34.).

26

4

1    Inherent in that argument is the admission that Plaintiffs' application for the other licenses is a

2    subterfuge or facade for a sexually oriented business.

3         Furthermore, any claim alleging that Defendants' denial of business license applications

4    infringes on a First Amendment protected expression is inapplicable here.  The Supreme Court held

5    that instances of sexual acts in a public store "[manifest] absolutely no element of protected

6    expression."  Arcara v. Cloud Books, Inc., 478 U.S. 697, 705 (1986).  Since Plaintiffs have failed to

7    plead that Sextacy was intended to be a private organization or claim a violation of protected

8    expression, and because all claims and evidence provided by Plaintiffs show that it was intended to

9    be open to the general public, Plaintiffs' liberty interest claim is not facially plausible.

10                        **2. Property Interest**

11        The Supreme Court has held that "to have a property interest in a benefit, a person must

12   clearly have more than an abstract need or desire [and] more than a unilateral expectation to it.  He

13   must, instead, have a legitimate claim of entitlement to it." Town of Castle Rock, Colorado v.

14   Gonzales, 545 U.S. 748, 756 (2005).  "A benefit is not a protected entitlement if government

15   officials may grant or deny it in their discretion."  Id.  The Ninth Circuit held that a constitutionally

16   protected property interest is created only if "the governing statute compels a result 'upon

17   compliance with certain criteria, none of which involve the exercise of discretion by the reviewing

18   body. . . .'" Shanks v. Dressel, 540 F.3d 1082, 1091 (9th Cir. 2008).  "Whether an expectation of

19   entitlement is sufficient to create a property interest will depend largely upon the extent to which the

20   statute contains mandatory language that restricts the discretion of the decisionmaker."  Doyle v. City

21   of Medford, 606 F.3d 667, 672-673 (9th Cir. 2010).

22        Plaintiffs' property interest claim fails because the applicable code provisions do not contain

23   mandatory language that significantly constrains Clark County's discretion.  To the contrary, the

24   plain language of the Clark County Code suggests that Clark County does have discretion to approve

25   or deny licenses.  In pertinent part, the Code states that the Board of County Commissioners may

26   deny a business license "due to the applicant's failure to comply with any of the provisions of the

code." Clark County Code § 6.04.090(a)(emphasis added). The section of the Code that was used to deny Plaintiffs' licenses states that the Board may deny a business license if the applicant has made "false, misleading or fraudulent statements with respect to <u>any</u> material fact contained in the business license application and/or supporting documentation." § 6.04.090(g)(emphasis added). Consistent with this analysis, the Nevada Supreme Court has invariably held that the granting, withholding, or revoking of similar licenses is discretionary on the Board's part. <u>See Cohen v. State of Nevada</u>, 930 P.2d 125, 127 (1997)(stating that generally the granting of a gaming license is a discretionary act); <u>Esmeralda County v. Grogan</u>, 94 Nev. 723, 725 (1978)(stating that the Court has consistently held that the granting, withholding, or revoking of a liquor license is a discretionary act). As the Board's discretion is permitted and there exists no mandatory language that restricts the Board's discretion, Plaintiffs failed to state a property interest claim. The Court finds that Plaintiffs' First Cause of Action is not facially plausible, and is therefore dismissed.

**B. Equal Protection Claim**

In their Second Cause of Action, Plaintiffs allege violations of equal protection based on Defendants' denial of Plaintiffs' business license application for Sextacy. The Fourteenth Amendment's Equal Protection Clause stipulates that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. The Equal Protection Clause requires that "all persons similarly situated should be treated alike." <u>City of Cleburne v. Cleburne Living Center</u>, 473 U.S. 432, 439 (1985). In order to state an equal protection claim based on selective enforcement of law, a plaintiff must "show that the law is applied in a discriminatory manner or imposes different burdens on different classes of people." <u>Freeman v. City of Santa Ana</u>, 68 F.3d 1180, 1187 (9th Cir. 1995). To meet this burden, plaintiff "must identify a 'similarly situated' class against which plaintiff's class can be compared." <u>Id</u>. Then, if the selective enforcement "does not implicate a fundamental right or a suspect classification, the plaintiff can establish a 'class of one' equal protection claim by demonstrating that [he] 'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference

1    in treatment'". Squaw Valley Dev. Co. V. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004)(quoting

2    Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)(overruled on other grounds)).  The

3    Plaintiff bears the burden of presenting evidence to establish these elements as a "class of one"

4    claim.  Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

5                    **1. Similarly Situated**

6             Plaintiffs fail to plead that they have been treated differently from other similarly situated

7    businesses.  Unlike Plaintiffs, the other swinger's clubs to which Plaintiffs compare themselves did

8    not make false and misleading statements on their applications for business licenses.  Plaintiffs

9    confuse business license application approval with subsequent enforcement action against existing

10   businesses.  Plaintiffs claim that "the Defendants . . . have never taken any action to revoke or

11   rescind the licenses of any other swinger's clubs in Clark County, despite being on notice of their

12   existence" and that "Defendants . . . have knowingly permitted other similarly situated businesses to

13   operate swinger's clubs with the same licenses sought by Plaintiffs." (Pls.' First Amended  Compl.

14   ¶¶ 55, 56.) Even if this is true, it does not show different treatment from others who are similarly

15   situated.  "Knowingly permitting other clubs to operate" is not synonymous with knowingly granting

16   business licenses to applicants who provide false and misleading statements about their businesses.

17   Plaintiffs were denied their licenses for making false and misleading statements.  Plaintiffs have

18   made no claim that the Board knew at the time of licensing that the other clubs had made false or

19   misleading statements or would violate their licenses and operate as swinger's clubs.  Plaintiffs

20   attempt to show differential treatment is unavailing.

21                   **2. Rational Basis**

22            Here, a rational basis exists for Clark County's denial of Plaintiffs' business license

23   applications.  The Clark County Code provides that "all business license applications . . . may be

24   denied by the director or the board, as applicable, if the applicant has made false, misleading or

25   fraudulent statements with respect to any material fact contained in the business license application

26   and/or supporting documentation."  § 6.04.090(g).  Plaintiffs' applications were denied because they

1    intended to operate a business that is patently different than the types of businesses for which they

2    applied.  The letter from the business license director, referenced in Plaintiffs' First Amended

3    Complaint (#8) and attached as Exhibit 1 in Plaintiffs' original Complaint (#1), furnishes two

4    reasons for the denial: First, for making false and misleading statements with respect to material facts

5    contained in the business license application and second, for failure to comply with required criteria

6    for restaurants.  In their complaint, Plaintiffs' continually state that they sought to open a swinger's

7    club and never allege any intent to open a restaurant or gift/novelty shop.  (Pls.' First Amended

8    Coml. ¶ 25.); (Pls.'s Opp. at 1.)  Plaintiffs do not compare themselves to other restaurants or

9    gift/novelty shops but rather to other obviously sex-related swinger's clubs.  (Pls.' First Amended

10   Compl. ¶ 34); (Pls.' Req. for Jud. Notice Exh. 5.)  Plaintiffs' complaint shows an intent to operate a

11   business manifestly different from the businesses for which they applied. Therefore, the Court finds

12   that a rational basis clearly existed for Clark County's denial of Plaintiffs' business licenses.

13          Since the Court finds that a rational basis for Defendants' denial exists and that Plaintiffs

14   failed to factually plead that other alleged swinger's club businesses are similarly situated to

15   Plaintiffs', Plaintiffs' Second Cause of Action is not facially plausible and is therefore dismissed.

16          **C. Overbreadth Claim**

17          In their Fifth Cause of Action, Plaintiffs allege that the definition of  "specified sexual

18   activities" in Section 30.08.030 of the Clark County Code is unconstitutionally broad.  "(U)nder the

19   Supreme Court's 'overbreadth' doctrine, a plaintiff may challenge an overly broad statute or

20   regulation by showing that it may inhibit the First Amendment rights of individuals who are not

21   before the court." 4805 Convoy, Inc. v. City of San Diego, 183 F.3d 1108, 1112 (9th Cir. 1999).

22   "The overbreadth doctrine is based on the observation that 'the very existence of some broadly

23   written laws has the potential to chill the expressive activity of others not before the court.'" Id.  In

24   order for a plaintiff to have overbreadth standing, "an individual must present more than

25   '(a)llegations of a subjective 'chill'. 'There must be a 'claim of specific present objective harm or a

26   threat of specific future harm.'" Bigelow v. Virginia, 421 U.S. 809, 816-17 (1975).

8

1      Here, Plaintiffs fail to plead adequate facts under the <u>Iqbal</u> standard to establish a claim using

2 the overbreadth doctrine.  <u>See</u> <u>Iqbal</u>, 129 S. Ct. 1949 (holding that Rule 8 demands more than "labels

3 and conclusions" or a "formulaic recitation of the elements of a cause of action").  Plaintiffs' Fifth

4 Cause of Action is devoid of sufficient factual matter to state a claim for relief and is merely

5 composed of conclusory statements.  Plaintiffs' only reference to the overbreadth claim states that

6 "the definition of a specified sexual activity as defined in CCC 30.08.030 is unconstitutionally

7 broad."  (Pls.' Compl. ¶ 78.)  Plaintiffs fail to provide the Court with any factual allegations

8 concerning the overbreadth of the specified sexual activity definition and how it relates to Plaintiffs.

9 More importantly, Plaintiffs fail to even plead that the overbreadth "inhibits the [constitutional]

10 rights of individuals who are not before the court."  <u>See</u> <u>Convoy</u>, 183 F.3d at 1112.  Merely stating in

11 conclusory fashion that the section of the code is unconstitutionally broad does not satisfy the

12 heightened pleading standard of <u>Iqbal</u>, and therefore Plaintiffs fail to state a claim under the

13 overbreadth doctrine.

14      Even if Plaintiffs had properly stated a claim, damages are not an appropriate remedy when

15 brought under 28 U.S.C. § 1983.  The Ninth Circuit has explained that an overbreadth claim "is

16 essentially a claim that a statute may be constitutional as applied to the plaintiff, but sweeps so broad

17 as to unconstitutionally suppress speech of others not before this court . . . . This theory presupposes

18 that the ordinance is constitutional as applied to the plaintiff."  <u>Outdoor Media Group, Inc. v. City of</u>

19 <u>Beaumont</u>, 506 F.3d 895, 907 (9th Cir. 2007).  Because § 1983 damages are available only for

20 violations of a party's own constitutional rights, the Ninth Circuit held that a plaintiff could not state

21 a claim for damages under  § 1983 when making a challenge to a statute on the basis of a third-party

22 standing exception provided by the overbreadth doctrine.  <u>Id</u>.  Accordingly, the Ninth Circuit held

23 that § 1983 damages "are unavailable on an overbreadth challenge."  <u>Id</u>.  Therefore, even if Plaintiffs

24 had properly pled, their request for damages would be inapplicable here.

25

26

**D. Vague**

In their Fifth Cause of Action, Plaintiffs also challenge the definition of specified sexual activities as defined in Section 30.08.030 of the Clark County Code on vagueness grounds. When analyzing a statute for vagueness, the court must "indulge a presumption of constitutionality." Baggett v. Bullitt, 377 U.S. 360, 372 (1964). In a civil action, the "party challenging the facial validity of [a statute] on vagueness grounds outside the domain of the First Amendment must demonstrate that the enactment is impermissibly vague in all of its applications." Hotel & Motel Ass'n of Oakland v. City of Oakland, 344 F.3d 959, 972 (9th Cir. 2003). "The challenger must establish that no set of circumstances exist under which the [statute] would be valid." United States v. Salerno, 481 U.S. 739, 745 (1987). "A statute is void for vagueness when it fails to give adequate notice to people of ordinary intelligence of what conduct is prohibited, or if invites arbitrary and discriminatory enforcement." United States v. Hungerford, 465 F.3d 1113, 1117 (9th Cir. 2006).

Here, Plaintiffs fail to plead adequate facts to establish either a facial challenge or an as-applied challenge under the Iqbal standard. Iqbal, 129 S. Ct. 1949. Plaintiffs' Fifth Cause of Action is devoid of sufficient factual matter to state a claim for relief and is merely composed of "formulaic recitations" of the elements of a cause of action and conclusory statements regarding those elements. See Id. Continually pleading that "the definition of a specified sexual activities as defined in the Clark County Code, Section 30.08.030 is unconstitutionally vague on its face and as applied to Plaintiffs . . . ." is a mere conclusory statement that does not meet the heightened pleading standard of Iqbal. (Pls.' Compl. ¶ 77.)

Even if properly pled, the statute on its face is not vague. "Whether a [statute] is unconstitutionally vague is a question of law." United States v. Erickson, 75 F.3d 470, 475 (9th Cir. 1996). Questions of law may be resolved on a motion to dismiss. See Knieval v. ESPN, 393 F.3d 1068, 1073-74 (9th Cir. 2005). "The notice test of vagueness looks at the 'very words' of the statute in question to determine whether the statutory language is sufficiently precise to provide comprehensible notice of the prohibited conduct." Anderson v. Morrow, 371 F.3d 1027, 1031-32

(9th Cir. 2004).  "A statute is void for vagueness when it fails to give adequate notice to people of ordinary intelligence of what conduct is prohibited . . . ."  United States v. Hungerford, 465 F.3d 1113, 1117 (9th Cir. 2006).

     Specified sexual activities under the Clark County Code is defined as:

> (A) Human genitals in a state of sexual simulation of arousal, (B) acts of human masturbation, sexual intercourse or activity or sodomy, [and] (C) fondling or other erotic touching of human genitals, pubic region, buttock or female breast.

Clark County Code § 30.08.030.  Based on the plain language of the statute, the Court finds that the definition is clearly delineated and that people of ordinary intelligence are given more than adequate notice as to what "specified sexual activity" means under Clark County Code § 30.08.030.  The statute is not unconstitutionally vague. Plaintiffs' Fifth Cause of Action is dismissed.

**IV. Conclusion**

     The Court finds that Plaintiffs' First, Second, and Fifth Causes of Action are not facially plausible and are therefore dismissed for failure to state a claim.  As Plaintiffs' remaining claims are state claims, the Court dismisses Plaintiffs' First Amended Complaint in its entirety for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. Pro 12(b)(1).

     Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#22) is **GRANTED**.

     Dated this 30th day of June, 2011.

_____
Kent J. Dawson
United States District Court