**LISA A. RASMUSSEN, ESQ.**
Nevada Bar No. 007491
**LAW OFFICE OF LISA RASMUSSEN, P.C.**
601 South 10th Street, Suite #100
Las Vegas, NV 89101
Tel.   (702) 471-1436
Fax.   (702) 489-6619
Email: Lisa@LRasmussenLaw.com
Attorneys for Plaintiff

**STEVEN B. WOLFSON**
District Attorney
**CIVIL DIVISION**
State Bar No. 1565
By: **ROBERT T. WARHOLA**
Deputy District Attorney
Nevada State Bar No. 4410
500 South Grand Central Parkway
P.O. Box 552215
Las Vegas, Nevada 89155-2215
Tel. (702) 455-4761
Fax. (702) 382-5178
E-mail: ROBERT.WARHOLA@ccdanv.com
Attorneys for Clark County Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID COOPER, ET AL.,<br><br>               PLAINTIFF,<br><br>     VS.<br><br>CLARK COUNTY, NEVADA, ET AL.,<br><br>               DEFENDANTS. | Case No.:  2:10-cv-00763-KJD-GWF<br><br>**JOINT STIPULATION AND**<br>**[PROPOSED] PROTECTIVE ORDER** |

1. PURPOSE AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and "petition the court to enter the following stipulated protective order ("Stipulated Protective Order"). The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection this Stipulated Protective Order affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge, as set forth in section 10 below, that this Stipulated Protective Order creates no entitlement to file

1

confidential information under seal; Civil Local Rule 10-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Party: any party to this action, including, without limitation, all of such party's officers, directors, employees, consultants, Experts, and Outside Counsel.

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: all items or information, regardless of the medium or manner generated, stored or maintained or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c) and in accordance with this Stipulated Protective Order, including, without limitation, after Counsel first makes a good faith determination that protection is warranted as set forth more fully in section 5.1.

2.4 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 Producing Party: a Party or non-Party that produces Disclosure or Discovery Material in this action.

2.6 Designating Party: a Party or non-Party that designates any Disclosure or Discovery Material as "Confidential."

2.7 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

2.8 Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9 House Counsel: attorneys who are employees of a Party.

2.10 Counsel: (without qualifier): Outside Counsel and House Counsel, as well as employees and support staff retained by such Outside Counsel or House Counsel.

2.11    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or a Party's Counsel to serve as an expert witness or as a consultant in this action, who is not a past or a current employee of a Party or of a Party's competitor, and who, at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor.  This definition includes, without limitation, a professional jury or trial consultant retained in connection with this litigation.

2.12    Professional Vendors: persons or entities that provide litigation support services (including, without limitation:  photocopying; videotaping; translating; preparing exhibits or demonstrations; and organizing, storing, retrieving data in any form or medium) and such persons' or entities' employees and subcontractors.

3.    SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order, and this Court's jurisdiction to enforce the terms of this Stipulated Protective Order, shall remain in effect until six (6) months after the final termination of this action, unless: (a) a Designating Party agrees to an earlier termination date in writing; or (b) a court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.

Each Designating Party must first make a good faith determination that protection is warranted within the parameters of Rule 26(c) and take care to limit any such designation to specific Disclosure or Discovery Material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of any Disclosure or Discovery Material that qualify so that other portions of the Disclosure or

Discovery Material for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (including, without limitation, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) might expose the Designating Party to sanctions if the Receiving Party adheres to the procedures set forth in Section 6.

If it comes to a Designating Party's attention that any Disclosure or Discovery Material that such Designating Party designated for protection does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other Parties that such Designating Party is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order (including, without limitation, as set forth in the second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, any Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the Disclosure or Discovery Material is disclosed or produced. Designation in conformity with this Stipulated Protective Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or non-Party that makes original documents or materials available for inspection need not designate such documents or materials for protection until after the inspecting Party has indicated which documents or material such inspecting Party would like copied and produced. During the inspection and before the designation, all of the documents

or material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents or materials such inspecting Party wants copied and produced, the Producing Party must determine which documents or materials, or portions thereof, qualify for protection under this Stipulated Protective Order, then, before producing the specified documents or materials, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") at the top of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-Party offering, sponsoring, or giving the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony might qualify for protection, the Party or non-Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the twenty (20) days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or non-Party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Disclosure or Discovery Material is stored the legend "CONFIDENTIAL."  If only portions of the Disclosure or Discovery

1  Material warrant protection, the Producing Party, to the extent practicable, shall identify the
2  protected portions.
3          5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent
4  failure to designate qualified Disclosure or Discovery Material as "CONFIDENTIAL" does
5  not, standing alone, waive the Designating Party's right to secure protection under this
6  Stipulated Protective Order for such Disclosure or Discovery Material.  If any Disclosure or
7  Discovery Material is appropriately designated as "CONFIDENTIAL" after the Disclosure
8  or Discovery Material was initially produced, but within ninety (90) days of production, the
9  Receiving Party, on timely notification of the designation, must make reasonable efforts to
10 assure that the Disclosure or Discovery Material is treated in accordance with the provisions
11 of this Stipulated Protective Order.  Within five (5) days of receipt of the substitute copies of
12 Disclosure or Discovery Material, the Receiving Party shall return the previously
13 undesignated Disclosure or Discovery Material and all copies thereof.
14      6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS
15          6.1 Timing of Challenges.  Unless a prompt challenge to a Designating Party's
16 confidentiality designation is necessary to avoid foreseeable substantial unfairness,
17 unnecessary economic burdens, or a later significant disruption or delay of the litigation, a
18 Party does not waive its right to challenge a confidentiality designation by electing not to
19 mount a challenge promptly after the original designation is disclosed.
20          6.2    Meet and Confer.  A Party that elects to initiate a challenge to a
21 Designating Party's confidentiality designation must do so in good faith and must begin the
22 process by conferring directly with Counsel for the Designating Party.  In conferring, the
23 challenging Party must explain the basis for such challenging Party's belief that the
24 confidentiality designation was not proper, must give the Designating Party an opportunity
25 to review the designated Disclosure or Discovery Material, to reconsider the circumstances,
26 and, if no change in designation is offered, to explain the basis for the chosen designation.  A
27 challenging Party may proceed to the next stage of the challenge process only if such
28 challenging Party has engaged in this meet and confer process first.

6.3   Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7-2 (and in compliance with Civil Local Rule 10-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  The challenge proceeding shall comply with Civil Local Rule 7-2.

The burden of persuasion, as well as the burden of proof to show that such protection is warranted, in any such challenge proceeding shall be on the Designating Party to show that such protection is warranted.  Until the court rules on the challenge, all Parties shall continue to afford the Protected Material in question the level of protection to which it is entitled under the Designating Party's designation.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles.  A Receiving Party may use Protected Material in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have agreed, in writing, that they have reviewed this Protective Order and agree to be bound by its terms;

(b) the officers, directors, and employees (including, without limitation, House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have agreed, in writing, that they have reviewed this Protective Order and agree to be bound by its terms;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have agreed, in writing, that they have reviewed this Protective Order and agree to be bound by its terms;

(d) the court and such court's personnel;

(e) court reporters, such court reporters' staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have and who have agreed, in writing, that they have reviewed this Protective Order and agree to be bound by its terms;

(f) during witnesses' depositions, such witnesses in the action to whom disclosure is reasonably necessary and who have agreed, in writing, that they have reviewed this Protective Order and agree to be bound by its terms. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted pursuant to this Stipulated Protective Order; and

(g) the author of the document or the original source of the information.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Disclosure or Discovery Material designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in

writing (by fax, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect such Designating Party's confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of such Designating Party's confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, such Receiving Party has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use such Receiving Party's best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to review this Protective Order and agree, in writing, to be bound by its terms.

10. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material

LAW OFFICE OF LISA RASMUSSEN
601 SOUTH TENTH STREET, #100
LAS VEGAS, NEVADA 89101
PH: (702) 471-1436 · FX: (702) 489-6619

must comply with Civil Local Rule 10-5.  In addition, any Protected Material filed with the Court shall be filed in a sealed envelope or other appropriate sealed container on which the following shall be endorsed: (i) the caption of this Action, including the title and case number; (ii) the title of the document; (iii) the words "CONFIDENTIAL - Filed pursuant to Stipulated Protective Order" as an indication of the nature of the content; and (iv) a statement in substantially the following form:

> "This envelope, containing documents which are filed in this case pursuant to a Stipulated Protective Order, is not to be opened or the contents thereof to be displayed or revealed except by order of the Court or consent of the parties in writing."

11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes, without limitation, all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning such Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in section 4 (DURATION) above.

. . .

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any Party to seek this Stipulated Protective Order's modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order no Party waives any right such Party otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the Disclosure or Discovery Material covered by this Stipulated Protective Order.

DATED: November 18, 2013.        **LAW OFFICE OF LISA RASMUSSEN, PC**

*/s/ Lisa A. Rasmussen*
_____
LISA A. RASMUSSEN, ESQ.
Attorneys for Plaintiffs

DATED: November 18, 2013.        **STATE OF NEVADA**
**OFFICE OF ATTORNEY GENERAL**

*/s/ Robert T. Warhola*
_____
ROBERT T. WARHOLA
Deputy Attorney General
Attorneys for Defendants

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: November 19, 2013

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of November, 2013, a true and correct copy of the foregoing document:

**JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

was served via the Court's CM/ECF system, upon the following persons:

**ROBERT T. WARHOLA**
Deputy District Attorney
ROBERT.WARHOLA@ccdanv.com

*/s/ Alexander Loglia*
_____
Alexander Loglia
An employee of the Law Office of Lisa Rasmussen