1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

DAVID COOPER, et al.,

               Plaintiffs,

     v.

CLARK COUNTY, NEVADA, et al.,

               Defendants.

Case No. 2:10-CV-763-KJD-GWF

**ORDER**

     Before the Court is a Motion for Summary Judgment (#87) filed by Defendants, including Clark County, Nevada. Plaintiffs, including David Cooper, opposed the motion (#97) and Defendants replied (#113).

**I. Background**

     To begin, this Court previously struck twelve of the parties' filings as "thoroughly deficient, requiring extensive supplementation and correction." (#86 at 2). The Court then set the parties the task of "winnow[ing] irrelevant and improper material," "distill[ing] the remainder into a single filing." Id. Given the astounding factual and legal disarray of the parties' subsequent briefing, it appears that these basic principles continue to evade application.[1] As further opportunities will doubtless be squandered, and in the interest of judicial economy and moving this case to a final conclusion, the Court will deal with the filings as they are. The factual background of this matter is familiar to the parties and to the Court, and so will not be recounted

---

[1] Even basic proof-reading has been abandoned.

here.

**II. Legal Standard for Summary Judgment**

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). Summary judgment may be granted if the pleadings, depositions, affidavits, and other materials in the record show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. <u>See</u> Fed. R. Civ. P. 56(c); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

A fact is material if it might affect the outcome of the suit under the governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). Uncorroborated and self-serving testimony, without more, will not create a genuine issue of material fact. <u>See</u> <u>Villiarimo v. Aloha Island Air Inc.</u>, 281 F.3d 1054, 1061 (9th Cir. 2002). Conclusory or speculative testimony is also insufficient to raise a genuine issue of fact. <u>Anheuser Busch, Inc. v. Natural Beverage Distribs.</u>, 69 F.3d 337, 345 (9th Cir. 1995).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. <u>See</u> <u>Celotex</u>, 477 U.S. at 323. Once that burden is met, the nonmoving party then has the burden of setting forth specific facts demonstrating that a genuine issue exists. <u>See</u> <u>Matsushita</u>, 475 U.S. at 587; Fed. R. Civ. P. 56(e). If the nonmoving party fails to make a sufficient showing of an essential element for which it bears the burden of proof, the moving party is entitled to summary judgment. <u>See</u> <u>Celotex</u>, 477 U.S. at 322-23.

**III. Mootness**

Defendants petition for summary judgment, arguing "mootness." But Defendants do not successfully argue that the matter now pending before the Court is moot (nor is it likely that Defendants could do so). Rather, Defendants argue that Plaintiffs had no legal right to the subject property at the time the denial of the business license was appealed, making that appeal moot. (#87 at 13:16-19). Defendants reason that because that appeal was moot, summary judgment

2

1    should issue here as there is no longer a "live controversy" before the Court as required under

2    Article III.

3              Defendants' argument fails for at least two reasons. First, Defendants have failed to

4    demonstrate that Plaintiffs had no legal right to the subject property, preventing summary

5    judgment on this ground. Second, and perhaps more importantly, Defendants' argument is

6    unsupported by logic or the law. Defendants leave unbridged the chasm between the possible

7    mootness of the underlying appeal and mootness before this Court.

8              Mootness means that a court should not issue a decision, because a decision is

9    unnecessary. Firefighters Local Union No. 1784 v. Stotts, 467 U.S. 561, 597 (1984) (Blackmun,

10   J., dissenting) ("[A] central purpose of mootness doctrine is to avoid an unnecessary ruling on

11   the merits."). Logically, while mootness provides a reason not to render a decision, it does not

12   follow that once a decision has been made by a state tribunal, that decision is invalid if it is later

13   discovered that the underlying question was moot.[2] Nor has Defendant provided any authority to

14   that effect. The time to argue the mootness of Plaintiffs' appeal of the denial of a business license

15   was during the pendency of that denial. Defendants cannot argue that this Court must deny

16   Plaintiffs' claims under equal protection etc., due to mootness of the state license proceedings.

17   **IV. Equal Protection**

18             The denial of a business license to Plaintiffs "does not implicate a fundamental right or a

19   suspect classification . . . ." Squaw Valley Dev. Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.

20   2004) (overruled on other grounds by Action Apartment Ass'n, Inc. v. Santa Monica Rent

21   Control Bd., 509 F.3d 1020, 1025 (9th Cir. 2007)). Thus, to succeed under Equal Protection,

22   Plaintiffs must establish a "class of one" by demonstrating that Clark County (1) intentionally (2)

23   treated [Plaintiffs] differently than other similarly situated [businesses], (3) without a rational

24   basis. Gerhart v. Lake Cnty., Mont., 637 F.3d 1013, 1022 (9th Cir. 2011) (citing Vill. of

25   _____

26   [2] A different result might be reached if the underlying decision occurred in federal court, because, unlike the state tribunal, a federal court's authority is defined by Article III.

1   Willowbrook v. Olech, 528 U.S. 562, 564 (2000)). Where, as here, an equal protection claim is

2   based on selective enforcement of valid laws, a plaintiff can show that the rational basis is

3   merely a pretext for an "impermissible motive." Id. Pretext is shown "by creating a triable issue

4   of fact that either: (1) the proffered rational basis was objectively false; or (2) the defendant

5   actually acted based on an improper motive. Id. at 946.

6        The Court finds that there are genuine questions of material fact as to whether Plaintiffs

7   have been treated differently from other similarly situated businesses, and regarding whether any

8   such differences were intentional and had a rational basis.

9   **V. Substantive Due Process**

10       Defendants' arguments and authorities for summary judgment on this claim are wholly

11   insufficient. At bottom, the Court finds that genuine issues of material fact are disputed, and

12   Defendants have not shown that they are entitled to judgment as a matter of law as to this claim.

13   **VI. Vagueness[3]**

14       Plaintiffs argue that the definition of "Specified Sexual Activities" found in the previous

15   version of CCC § 30.08.030, and which applied during the relevant time period here, is

16   unconstitutionally vague both on its face and as applied, lending itself to arbitrary enforcement.

17       "A plaintiff who engages in some conduct that is clearly proscribed cannot complain of

18   the vagueness of the law as applied to the conduct of others." Vill. of Hoffman Estates v.

19   Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495, (1982). In other words, if the law properly

20   applies to Plaintiffs, they cannot bring a facial challenge. To be unmistakably clear: "One to

21   whose conduct a statute clearly applies may not successfully challenge it for vagueness." Parker

22   v. Levy, 417 U.S. 733, 756 (1974). Thus, if the law clearly applies to a plaintiff's conduct, he

23   _____

24       [3] It appears likely that Plaintiffs have conceded their vagueness claim. The original complaint, filed in
     2010, challenged the wording of CCC § 30.08.030. That statute was substantially amended in 2011. However,

25   Plaintiffs' opposition to the instant motion solely argues the vagueness of the 2011 statute, mentioning the previous
     version only in passing. The current version of the statute is inapplicable to Plaintiffs' claims. Further, the parties'

26   ongoing attempts to raise new issues and arguments not properly raised in the complaint or the instant motion are
     impermissible and ineffective. The Court will not address such arguments.

cannot challenge the law for facial vagueness, and because it clearly applies to him, he cannot prevail on a claim that the law is unconstitutionally vague as applied to him.

Plaintiffs fail to argue that the law does not clearly apply to them, and so concede this argument. Further, the Court finds that the statute does clearly apply to Plaintiffs. The code at issue here defines "Specified Sexual Activities" as "[h]uman genitals in a state of sexual stimulation or arousal," "[a]cts of human masturbation, sexual intercourse or sodomy," and "[f]ondling or other erotic touching of human genitals, pubic region, buttock or female breast." (#87, Ex. A). Plaintiff Cooper admits that the subject property was a "swingers club." (#87, Ex. C, 247-48). Cooper further defined a "swingers club" and the subject property here as places where "people may encounter sex, whether they are involved in it, or whether they witness it." (#87, Ex. C, 91:7-15). This includes group sex (#87, Ex. C 93:12-25); masturbation, oral and anal sex (#87, Ex. C, 95:5-12); vaginal sex and voyeurism (#87, Ex. C, 108:8-15). Accordingly, the statute clearly applies to Plaintiffs, foreclosing any claim of vagueness either facially or as applied to Plaintiffs.

Plaintiffs argue however, that the real question is whether the code is susceptible to arbitrary enforcement. This argument simply seeks to circumvent the rule against facial challenges when the code clearly applies to Plaintiffs. Accordingly, the argument fails. To the extent that Plaintiffs intend to argue that the law has been (rather than is unconstitutionally susceptible to being) arbitrarily applied, that argument is preserved under Plaintiffs' equal protection claim.

**VII. Supplemental Jurisdiction over State Law Claims**

Defendants petition the Court to decline to hear Plaintiff's state law claims once the Court has dismissed all federal claims. Multiple federal claims remain. Accordingly, this relief is denied.

///

**VIII. Reopening of Discovery**

1      Local Rule 26-4 precludes the reopening of discovery unless the movant demonstrates

2  that the failure to act was the result of excusable neglect. A court does not abuse its discretion in

3  denying additional discovery if 1) the movant has failed diligently to pursue discovery in the

4  past, or 2) the movant fails to show how the information sought would preclude summary

5  judgment. <u>Cal. Union Ins. Co. v. Am. Diversified Sav. Bank</u>, 914 F.2d 1271, 1278 (9th Cir.

6  1990).

7      The Court finds Plaintiffs' ongoing delinquency to be inexcusable.[4] Discovery was closed

8  on December 26, 2013. Plaintiffs claim that an agreement was reached[5] on December 20, 2013 to

9  extend discovery until February 14, 2014, and that Plaintiffs drafted such a stipulation that same

10  day. However, no such stipulation was ever filed. Rather, the next filing was a Motion for

11  Summary Judgment filed by Defendants on the final day to do so. Further, Plaintiffs present no

12  substantive arguments explaining why discovery was not completed on time. Nor does it appear

13  to the Court that Plaintiffs attempted to engage in any discovery between December 20, 2013 and

14  February 5, 2014. This entire course of conduct belies the idea that Plaintiffs have diligently

15  engaged in discovery.

16      In summary, Plaintiffs have failed to show how the information sought would preclude

17  summary judgment. More troubling to the Court, even if Plaintiffs had shown that the

18  information was relevant, they have failed to diligently pursue discovery in this case.

19  ///

20  ///

21  ///

22  ///

23  **IX. Conclusion**

24  _____

25      [4] The Court notes that Plaintiffs are routinely tardy in their interactions with the Court and with Defendants.
(See #53 at 4-6).

26      [5] Defendants concede that they discussed an extension of discovery, but assert that no agreement was ever
reached. This assertion is in harmony with the record before the Court.

In harmony with the above discussion, Defendants' Motion for Summary Judgment (#87) is **HEREBY DENIED IN PART** as to the claims under equal protection and substantive due process, and **GRANTED IN PART** as to vagueness.

Plaintiffs' improperly filed motion to reopen discovery (#97) is **HEREBY DENIED**.

DATED this 25th day of August 2014.

_____
Kent J. Dawson
United States District Judge