1

2

3

4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

\* \* \*

7

DAVID COOPER, et al.,

8

                                        Plaintiffs,

9

         v.

10

CLARK COUNTY, NEVADA, et al.,

11

                                        Defendants.

12

Case No. 2:10-CV-763-KJD-GWF

ORDER

13

14        Before the Court is Defendants' Motion for Partial Judgment on the Pleading[s] (#130).

15   Plaintiffs responded (#135), and Defendants replied (#136). Defendants seek dismissal of all

16   present and past Clark County Commissioners as defendants in their individual capacities,

17   including Defendants Woodbury, Collins, Giunchigliani, Weekly, Brager, Reid, and Maxfield.

18   Defendants assert that quasi-judicial absolute immunity attaches for the Commissioners' denial

19   of Plaintiffs' business license. Plaintiffs argue that the conduct at issue is not the denial of the

20   business license, but rather "allow[ing] others to maintain 'swingers club establishments' while

21   denying Mr. Cooper the same opportunity." (#135). This decidedly awkward formulation of the

22   question must be clarified before turning to the merits of the motion.

23        Plaintiffs' claims are brought under 42 U.S.C. § 1983, alleging constitutional violations

24   regarding Due Process, Equal Protection, and vagueness (##8, 56). However, § 1983 is available

25   only for the "deprivation of any rights, privileges, or immunities secured by the Constitution and

26   laws . . . ." The "rights" in question must be federal and not state rights. Gomez v. Toledo, 446

1  U.S. 635, 640 (1980). "The very purpose of § 1983 [is] to . . . [guard] the people's *federal*

2  rights." Mitchum v. Foster, 407 U.S. 225, 242 (1972) (emphasis added). Further, § 1983

3  addresses only "the violation of a federal *right,* not merely a violation of federal *law*." Blessing

4  v. Freestone, 520 U.S. 329, 340 (1997).

5         It is undisputed that Plaintiffs have asserted the violation of federal rights, including Due

6  Process and Equal Protection. However, Plaintiffs have not — and cannot — assert a federal

7  right against Clark County allowing swingers' clubs.[1] Only when the Commissioners denied

8  Plaintiffs' business license did the claims of Due Process and Equal Protection violations

9  become viable. Again, Plaintiffs have failed to articulate, let alone establish, that they possess

10  any federal right prohibiting Clark County from allowing swingers' clubs. Thus, the

11  Commissioners are tied to this action only by their decision to deny Plaintiffs' business license,

12  giving rise to Plaintiffs' claims of Due Process and Equal Protection violations. The Court will

13  now turn to whether the Commissioners' decision is entitled to immunity.

14  **I. Legal Standards**

15         **A. Judgment on the Pleadings**

16         "A judgment on the pleadings is properly granted when, taking all allegations in the

17  pleading as true, the moving party is entitled to judgment as a matter of law." McGann v. Ernst

18  & Young, 102 F.3d 390, 392 (9th Cir. 1996).

19         **B. Quasi-Judicial Absolute Immunity**

20         Immunity is "an entitlement not to stand trial or face the other burdens of litigation."

21  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Thus, immunity is "an *immunity from suit* rather

22  than a mere defense to liability; and . . . it is effectively lost if a case is erroneously permitted to

23  go to trial." Id. at 526 (emphasis in original).

24         "[I]n determining immunity, we examine the nature of the function performed, not the

25  

26       [1] Such a position would be most remarkable because this entire case stems from Plaintiffs' attempt to receive a permit to establish and run a swingers' club in Clark County.

1    identity of the actor who performed it." <u>Kalina v. Fletcher</u>, 522 U.S. 118, 127 (1997) (internal

2    quotations omitted). Some functions so closely mirror the judicial process that they are entitled

3    to absolute immunity. <u>Cleavinger v. Saxner</u>, 474 U.S. 193, 202 (1985). In determining whether

4    quasi-judicial absolute immunity attaches, the Court must consider the six nonexclusive factors

5    first articulated in <u>Butz v. Economou</u>, 438 U.S. 478 (1978), and subsequently cataloged in

6    <u>Cleavinger</u>. These factors include:

7
          (a) the need to assure that the individual can perform his functions
8         without harassment or intimidation; (b) the presence of safeguards
          that reduce the need for private damages actions as a means of
          controlling unconstitutional conduct; (c) insulation from political
9         influence; (d) the importance of precedent; (e) the adversary nature
          of the process; and (f) the correctability of error on appeal.
10

11   <u>Cleavinger</u>, 474 U.S. at 202.

12   **II. Analysis**

13       To begin, the Court notes that Plaintiffs "[do] not necessarily disagree" that the

14   Commissioners are absolutely immune for their denial of Plaintiffs' business license (#135).

15   However, Plaintiffs do not even attempt to analyze the above factors, nor advance any relevant

16   legal argument against dismissal. Accordingly, Plaintiffs consent to the granting of the motion.

17   <u>See</u> Local Rule 7-2. Nevertheless, in the interests of justice, the Court will satisfy itself regarding

18   the proper resolution of Defendants' motion. To be clear, the question before the Court is

19   whether absolute immunity attaches to the Commissioners' vote to either deny or grant a

20   business license.

21       **A. Need for Insulation from Harassment or Intimidation**

22       Individual civil liability for the denial of business licenses would undoubtedly have an

23   adverse impact on the performance of this public duty. Given the potentially substantial financial

24   consequences flowing from licensing decisions, the Commissioners almost certainly cannot

25   properly carry out their duties beneath the looming shadow of unending litigation for such

26   decisions. The Court finds that this factor supports absolute immunity.

**B. Safeguards against Unconstitutional Conduct**

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, . . . or to control a manifest abuse or arbitrary or capricious exercise of discretion" State v. Dist. Ct. (Armstrong), 267 P.3d 777, 779 (Nev. 2011); NRS 34.160. Additionally, aggrieved parties may file § 1983 suits against proper defendants, such as the County, as has been done in this case. The Court finds that these safeguards reduce the need for private damages actions against Commissioners in their individual capacities. This factor supports absolute immunity.

**C. Insulation from Political Influence**

Here, adjudication must be "structured so as to assure that the hearing examiner exercises his independent judgment on the evidence before him, free from pressures by the parties or other officials within the agency." Butz, 438 U.S. at 513. Here, the Commissioners are publicly elected and are not financially dependent upon either party. It is true that the Commissioners' express purpose is to further the public interest, as is the case with all public officials. However, this purpose does not prevent the Commissioners' use of independent judgment in determining what the public interest is, and how to best achieve it. This factor supports absolute immunity.

**D. Importance of Precedent**

Defendants make no substantive argument that the Commissioners are bound by precedent. However, the Commissioners are bound by the language and definitions found in the Clark County Code; failure to abide within the text of the Code would likely be grounds for a writ of mandamus as discussed above. Thus, this factor is in equipoise, being bound by the Code, but without the guidance of precedent.

**E. Adversarial Nature of the Process**

Denial of a business license results in written notice and a hearing. Clark County Code 6.04.090. Further, the parties are able to bring legal counsel to and present argument at the

///

4

1    hearing before the Commissioners. This is precisely what happened in this case (#130, Ex. A).

2    Thus, the process appears to be adversarial, and supports absolute immunity.

3            **F. Correctability of Error on Appeal**

4            As has been discussed, a writ of mandamus is available "to compel the performance of an

5    act that the law requires as a duty resulting from an office, trust, or station, . . . or to control a

6    manifest abuse or arbitrary or capricious exercise of discretion" State v. Dist. Ct. (Armstrong),

7    267 P.3d at 779. Thus, errors are correctible on appeal. This factor supports absolute immunity.

8    **III. Conclusion**

9            For the above reasons, the Court finds the Clark County Commissioners to be absolutely

10   immune from suit in their individual capacities for their votes to deny Plaintiffs' business

11   license.

12

13           DATED this 4th day of February, 2015.

14

15

16                                                   _____

                                                     Kent J. Dawson
17                                                   United States District Judge

18

19

20

21

22

23

24

25

26

5