UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID COOPER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CLARK COUNTY, NEVADA, et al.,<br><br>Defendants. | Case No. 2:10-CV-00763-KJD-GWF<br><br>**ORDER** |

Presently before the Court is Defendants' Motion in Limine #4 Regarding Enforcement of Code Against Third Parties (#149) to which Plaintiffs responded (#151).

**I.  Analysis**

Defendants have moved to exclude evidence based on Federal Rules of Evidence 401 and 402 (relevance) and 403 (unfair prejudice).

Defendants request that this Court preclude Plaintiffs from offering any testimonial or documentary evidence regarding "any allegations and/or incidents involving the Defendants' alleged failure to take action or to take [sufficient] action against" other swinger's clubs operating in violation of Clark County Code ("Code") and Nevada law. (#149 at 13).

The Court notes that the issues within this case have been conflated, specifically regarding Plaintiffs' Equal Protection claims.  Plaintiffs sufficiently assert that an Equal Protection claim inherently requires comparison to third parties, however, the crux of Plaintiffs'

claim rests on the notion of Defendants' enforcement of the Code against other allegedly similar businesses, rather than a showing of similarity between Plaintiffs and other swinger's clubs at the licensing stage, to which the Code also applies.

The Ninth Circuit acknowledges that Plaintiffs stated a plausible claim that they were "similarly situated to comparable establishments, that Defendants' knowingly awarded permits to other similarly situated establishments while denying Plaintiffs those same permits, and that there was no rational basis for a distinction between Plaintiffs' intended business and the businesses of the comparable establishments." Cooper v. Clark County, 519 Fed.Appx. 479, 481 (9th Cir. 2013). Thus, Plaintiffs' evidence that they were similarly situated to other businesses should point to Plaintiffs' similarity to others upon the awarding of those permits at the licensing stage.

This Court has previously stated that the conduct at issue is "not the denial of the business license, but rather "allow[ing] others to maintain swinger's club establishments while denying Mr. Cooper the same opportunity." (#139) (Internal quotations omitted). Further, Defendants are "tied to this action only by their decision to deny Plaintiffs' business license, giving rise to Plaintiffs' claims of Due Process and Equal Protection violations." Id. Here, Plaintiffs have not presented sufficient evidence demonstrating that other alleged swinger's clubs in Clark County were similarly situated to Plaintiffs *at the licensing stage*. Accordingly, Plaintiffs' evidence should attempt to resolve the inquiry as to whether the owners of the alleged swinger's clubs to which Plaintiffs compare themselves also applied for a "restaurant category 2" license, which was granted, with Defendants having notice of the applicants' intentions of operating a swinger's club *prior to* granting the applicable license. Finally, Plaintiffs have not established a federal Equal Protection claim regarding enforcement against

Clark County allowing swinger's clubs and any evidence alluding to this right would be irrelevant. See #139.

**II. Conclusion**

Accordingly, Defendants' Motion is **Granted**, unless Plaintiffs can show that they were similarly situated to other swinger's clubs at the licensing stage.

**IT IS SO ORDERED.**

DATED this 6th day of October 2015.

_____
Kent J. Dawson
United States District Judge