# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID COOPER, et al., <br><br>Plaintiffs, <br><br>v. <br><br>CLARK COUNTY, NEVADA, et al., <br><br>Defendants. | Case No. 2:10-CV-00763-KJD-GWF <br><br><br><br>**ORDER** |

Presently before the Court is Defendants' Motion in Limine #3 Regarding Alleged Events After Denial of Appeal by the Clark County Commission (#148) to which Plaintiffs responded (#158).

**I.  Analysis**

Defendants have moved to exclude evidence based on Federal Rules of Evidence 401 and 402 (relevance) and 403 (unfair prejudice).

Defendants request that this Court preclude Plaintiffs from offering any testimonial or documentary evidence regarding "any allegations and incidents occurring after September 2, 2008," the date the Board of County Commissioners voted to deny Plaintiffs' appeal of the denial of a business license. (#148).

Plaintiffs allege that the harm they suffered as a result of the denial of this appeal continues past the September 2nd decision.  Further, Plaintiffs point to Defendants lack of enforcement against other swinger's clubs allegedly operating in Clark County.  See #158

1

("[T]he [D]efendants continued to harm Plaintiffs because they refuse[d] to take action against other clubs that are operating and they continued to deny Plaintiff[s] the opportunity to operate the club [they] sought to open.").

As previously noted by this Court, Plaintiffs have no evidentiary or legal basis to assert an Equal Protection claim based on Defendants' enforcement (or alleged lack thereof) of the Clark County Code ("Code") against establishments to which Plaintiffs allege they are similarly situated. Thus, evidence pointing to Defendants' enforcement of the Code against these businesses is irrelevant. Defendants' alleged discriminatory intent at the licensing stage (including the appeal) regarding their knowledge of other applicants intending to operate as swinger's clubs in Clark County is at issue here. Any enforcement of the Code against these clubs that occurred after the denial of the appeal does not make Defendants' discriminatory intent at the licensing stage more or less probable than it would be without this evidence.

## II. Conclusion

The Court finds that Plaintiffs have suffered no more harm than they already allegedly suffered as a result of the denial of the appeal and any evidence pointing to further harm is irrelevant. Accordingly, Defendants' Motion (#148) is **Granted**.

**IT IS SO ORDERED.**

DATED this 6th day of October 2015.

_____
Kent J. Dawson
United States District Judge